IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 7, 2011 Session

## FREDA MICHELLE HUMBARD MILLER v. STEVEN DWAYNE MILLER

**Appeal from the Circuit Court for Jefferson County**
**No. 20,939-I      Ben W. Hooper II, Judge**

**No. E2010-00225-COA-R3-CV - FILED - April 29, 2011**

This case stems from the divorce of Freda Michelle Humbard Miller ("Wife") and Steven Dwayne Miller ("Husband"). The Trial Court, among other things, granted the parties a divorce, designated Wife the primary residential parent, and awarded Wife child support and alimony. Husband appeals, raising a number of issues. We hold that the Trial Court erred in setting child support without entering supporting worksheets in the record as required. We further hold that the Trial Court did not err as to the other issues. We vacate, in part, and, affirm, in part, and remand for the Trial Court to set child support utilizing the worksheets as required.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated in Part; Affirmed in Part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., joined, and CHARLES D. SUSANO, JR., J., delivered a separate concurring opinion.

S. Joanne Sheldon[1], Newport, Tennessee, for the appellant, Steven Dwayne Miller.

Carl R. Ogle, Jr., Jefferson City, Tennessee, for the appellee, Freda Michelle Humbard Miller.

---

[1]Husband's attorney on appeal did not represent Husband at trial.

## OPINION

## Background

On June 30, 2006, Wife filed for divorce from Husband. Husband filed an answer and counterclaim. Husband and Wife went to trial on November 5, 2009.

On January 5, 2010, the Trial Court entered a judgment, finding and holding, *inter alia*:

1. That the Parties should be award[ed] a Divorce on stipulated grounds and that each is hereby awarded all rights and privileges of unmarried persons.

2. That the primary physical custody of the parties['] minor child is awarded to the Mother and the Father is to have visitation with said minor child every other weekend from Friday at 6:00 p.m. through Sunday at 6:00 p.m. The Parties are to alternate the [major] holidays and the Father is to have two week vacation time in the Summer. Transportation is to be [sic] remain the same. They will meet and exchange the child at Piedmont Elementary School.

3. Each Party is awarded any personal property in his or her possession and the other party is divested of any interest therein.

3. That the Father is to pay the Mother the amount of $553.00 per month as current child support. That in June 2006, the Father was making $28,911.96 per year ($2,409.33 a month). That the Father[']s income changed November 1, 2007, and through 2009 he had an average annual income of $30,970.88 ($2,580.90 a month). That his income has changed January 1st, 2009 to be an annual amount of $32,740.94 ($2,728.40 per month or $629.63 per week).

That the child support from November 1, 2007 through December 31, 2008 should have been set at $527.00 per month.

4. That the Father was Order[ed] to pay $358.00 per month of child support in June 2006. That the amount of child support would be recalculated beginning November 1, 2009 to the present using the figures above. That a Judgment will be entered for any arrearages owed as of the Court Hearing. That from November 1, 2007 through December 31. 2008 the Father paid $169.00 less than he should have paid under the Guidelines. That for that period of 14 months he accrued an arrearage in the amount of $2,366.00. That a Judgment is hereby entered against the Father in the amount of $2,366.00 for

which execution may issue if necessary.

5. That the proof is that Mrs. Miller is severely disable[d] due to diabetes, degenerative disc disease, being bipolar, and depression [sic]. That the Wife has been disable[d] since the separation. That it does not appear to the Court that these disabilities will be overcome and that she is unlikely to be able to work in the future.

6. Based on the Husband's income and the Wife's needs, the Court sets alimony (both since the date of separation and in the future) in the amount of $400.00 per month. That the first payment of $400.00 will be due on or about November 10th, 2009 and she will be paid monthly thereafter.

That the Court finds that the Husband should have been supporting the Wife during the period of separation and she is awarded fifty (50) months in back alimony at the rate of $400.00 per month. This is a total of $20,000.00. A Judgment for that amount is hereby entered against the Husband in favor of the Wife for the amount of $20,00.000 [sic]. That this amount is set retroactive to October 10, 2005. That this amount shall be paid within that 90 days of November 5, 2009. In the event that this is not paid within ninety days it shall draw interest at the rate of ten percent per year. The wife is awarded $5,000.00 from the amount received from the house in Patriot Hills. In the event that the Husband pays the $20,000.00 within 90 days, then the $5,000.00 will be forgiven. In the event it is not paid, then interest would [b]e applied as due..[sic]

7. That the Wife is allowed to file the child for income tax purposes for the years she filed a Tax Return and she is to notify the Father as to whether she will file for the previous year on or before the 15th day of January, 2010. In the event that she does not notify the Father that she intends to file a Return, the Father will be allowed to claim the child for that year.

8. The Court find[s] that the Husband should pay the amount of $1,500.00 to Carl R. Ogle, Jr., as part payment of attorney's fees. That a Judgment against the Husband is enter[ed] in that amount and execution may issue if necessary.

9. The Father is to maintain health, dental and optical insurance on the parties['] minor child. That in the event that he does not maintain that insurance he will pay all amounts for medical, dental and optical needs. In the event that he does carry the insurance, he shall also pay the deductibles, or co-pays.

10. The Court finds that the Father should pay one half of any and all extra activities and expenses for the child.

11. That the Husband is awarded any vehicle that he owns and the Wife is divested of any right or interest therein. That the Wife is awarded any

-3-

vehicle that she owns and she is responsible for any indebtedness on that vehicle.

12. That a Lien is hereby impressed upon the above amounts awarded to the wife in the amount of $2,450.00 for Attorneys fees.

* * *

Husband appeals.

## **Discussion**

Although not stated exactly as such, Husband raises five issues on appeal: 1) whether the Trial Court erred in setting child support where there are no supporting worksheets in the record; 2) whether the Trial Court erred in awarding Wife alimony and whether the amount of alimony was excessive; 3) whether the Trial Court erred in awarding Wife attorney fees; 4) whether the Trial Court erred in determining that Wife was entitled to a $5,000 interest in what may or may not be a real property interest; and 5) whether the Trial Court erred in limiting co-parenting time for Husband without stating specific findings as to why limited co-parenting time is appropriate.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first address whether the Trial Court erred in setting child support where there are no supporting worksheets in the record. The Child Support Guidelines provide, in pertinent part:

(1) Required Forms.

    (a)    These rules contain a Child Support Worksheet, a Credit Worksheet, Instructions for both Worksheets, and the Child Support Schedule which shall be required to implement the child support order determination.

    (b)    The use of the Worksheets promulgated by the Department is mandatory in order to ensure uniformity in the calculation of child support awards pursuant to the

-4-

rules.

* * *

    (e)    The completed Worksheets must be maintained as part of
the official record either by filing them as exhibits in the
tribunal's file or as attachments to the order.

Tenn. Comp. R. & Reg. 1240-2-4-.04(1)(2008). Thus, the Child Support Guidelines require
both the use of supporting worksheets in setting child support awards and the entry of these
supporting worksheets into the record in the manner described by the Guidelines.

In this case, the record contains no supporting worksheets as required. From
the record before us, we have no way of knowing whether the Trial Court did or did not
utilize the worksheets as required. We do know that there are no completed worksheets
maintained as part of the record. The Child Support Guidelines require that "[t]he completed
worksheets *must* be maintained as part of the official record either by filing them as exhibits
in the tribunal's file or as attachments to the order." Tenn. Comp. R. & Reg. 1240-2-4-
.04(1)(2008)(emphasis added).

We, therefore, vacate the judgment of the Trial Court with respect to child
support, and remand for the Trial Court to set child support in accordance with the Child
Support Guidelines, including entry of required supporting worksheets into the record.
Husband will continue to pay five hundred fifty-three dollars ($553.00) per month in
temporary child support pending the Trial Court's determination on remand.

We now address the remaining issues collectively because the same analysis
applies and is dispositive as to each of them. Our ability to deal with the remaining issues
is thwarted by the absence of either a transcript of the proceedings in the Trial Court or a
Statement of the Evidence prepared in accordance with Tenn. R. App. P. 24.

As we have stated numerous times, "[t]his court cannot review the facts de
novo without an appellate record containing the facts, and therefore, we must assume that the
record, had it been preserved, would have contained sufficient evidence to support the trial
court's factual findings." *Sherrod v. Wix,* 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).
Husband, as the appellant, had the duty "to prepare a record which conveys a fair, accurate
and complete account of what transpired in the trial court with respect to the issues which
form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App.
1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)).

Husband failed to prepare an adequate record on appeal. Husband's remaining issues all are fact intensive. Without a transcript or statement of the evidence, we must assume that the record, had it been preserved, would support the Trial Court's factual findings. This being so, we affirm the decision of the Trial Court with respect to these remaining issues.

**Conclusion**

The judgment of the Trial Court is vacated, in part, and affirmed, in part, and this cause is remanded to the Trial Court to set Husband's child support obligations utilizing the Child Support Worksheets as required, including the worksheets being made a part of the record either as exhibits or as attachments to the Trial Court's order, and for collection of the costs below. The costs on appeal are assessed equally against the Appellant, Steven Dwayne Miller, and his surety, if any, and the Appellee, Freda Michelle Humbard Miller.

_____
D. MICHAEL SWINEY, JUDGE